## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:19-188-KKC** |
|     **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **MICHAEL McNEW,** | |
|     **Defendant.** | |

**\*\*\*\*\*\*\*\*\*\*\*\***

The government has filed a motion (DE 58) to amend Michael McNew's judgment to add that defendant Kevin Watkins (5:20-42), a co-conspirator, is jointly and severally liable with McNew for a portion of the amount that McNew owes in restitution. The Court ordered that Watkins be made a respondent to this action, and the Court gave him an opportunity to object to the government's motion. Watkins has not filed any objections. Nevertheless, the government does not cite any authority that would permit the Court to amend the judgment in the manner requested, and the Court has been unable to locate any. Accordingly, the Court must deny the government's request.

"[T]he scheme Congress has set up regarding the issuance and modification of criminal restitution orders is detailed and extensive." *United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013). "[T]he MVRA specifically addresses the finality of sentences that include a restitution order." *Id*. The statute provides that:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
> (1) such a sentence can subsequently be—
>     (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

(B) appealed and modified under section 3742;
(C) amended under subsection (d)(5); or
(D) adjusted under section 3664(k), 3572, or 3613A; or
(2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

None of these permissible methods for amending the restitution order applies here. "Rule 35 allows correction of a sentence within 14 days of its imposition when an error 'resulted from arithmetical, technical, or other clear error' or modification of a sentence for the defendant's substantial assistance to the government." *Id.*; Fed. R. Crim. P. 35. The Court sentenced McNew on September 10, 2021. The government did not file its motion until September 29, 2021, and it is now well beyond the 14-day period provided in the rule.

As to the other exceptions to the finality of a restitution order, "18 U.S.C. § 3742 concerns an appeal of a sentence. 18 U.S.C. § 3664(d)(5) pertains to victim losses that the district court cannot ascertain at the sentencing hearing. 18 U.S.C. § 3572 concerns adjustment of payment of fines. 18 U.S.C. §§ 3613A and 3614 concern a defendant's default on a payment of a fine or restitution. And 18 U.S.C. § 3565 pertains to a defendant's violation of her probation." *Id.* Finally, 18 U.S.C. § 3664(k) concerns "a material change in the defendant's ability to pay restitution." *Id. See also United States v. Diamond*, 601 F. App'x 926, 927–28 (11th Cir. 2015); *United States v. Allen*, No. CR 14-20191, 2021 WL 2102601, at *2 (E.D. Mich. May 25, 2021).

Because none of these circumstances apply, the Court hereby ORDERS that the government's motion (DE 58) to amend the judgment in this action is DENIED.

This 2nd day of November, 2021.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY